EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carlos Iván Meléndez González, Héctor Ocasio Marrero, Rosalina Méndez Rodríguez y Roberto Caraballo Aquino<br><br>Apelado<br><br>v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>Apelantes<br>--------------------------<br>Carlos Iván Meléndez González, Héctor Ocasio Marrero, Rosalina Méndez Rodríguez<br><br>Apelado<br><br>v.<br><br>M. Cuebas, Inc. y Bohío International Corproation<br><br>Apelantes<br>--------------------------<br>Víctor Roldán Flores<br><br>Apelado<br><br>v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>Apelantes<br>--------------------------<br>Ángel L. Soto Ambert<br><br>Apelado<br><br>v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>Apelantes | Certiorari<br><br>2015 TSPR 70<br><br>193 DPR ____ |

Número del Caso:      AC-2013-41
                      cons.
                      AC-2013-46
                      AC-2013-70
                      AC-2013-73


Fecha: 21 de mayo de 2015


Tribunal de Apelaciones:

            Región Judicial de San Juan y Bayamón


**AC-2013-41**

Abogadas de la Parte Peticionaria:

            Lcda. Lilliam E. Mendoza Toro
            Lcda. Melissa Figueroa del Valle

Abogados de la Parte Recurrida:

            Lcdo. José A. Ríos Rosa
            Lcdo. Ruy Delgado Zayas


**AC-2013-46**

Abogados de la Parte Peticionaria:

            Lcda. Cassandra Voltaggio Figueroa
            Lcdo. Alfredo Fernández Martínez


Abogado de la Parte Recurrida:

            Lcdo. José A. Ríos Rosa
            Lcdo. Ruy Delgado Zayas


**AC-2013-70**

Abogados de la Parte Peticionaria:

            Lcda. Lilliam E. Mendoza Toro
            Lcda. Melissa Figueroa Del Valle

Abogados de la Parte Recurrida:

            Lcdo. José A. Ríos Rosa
            Lcdo. Ruy Delgado Zayas

**AC-2013-73**

Abogados de la Parte Peticionaria:

        Lcdo. Alfredo Fernández Martínez
        Lcda. Cassandra Voltaggio Figueroa

Abogados de la Parte Recurrida:

        Lcdo. José A. Rios Rosa
        Lcdo. Ruy Delgado Zayas

Materia: Sentencia Sumaria – Estándar de revisión para sentencia sumaria dictada por el TPI; extensión de la Regla 36.4 de Procedimiento Civil a los procedimientos ante el foro apelativo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Iván Meléndez
González, Héctor Ocasio
Marrero, Rosalina Méndez
Rodríguez y Roberto
Caraballo Aquino

     Apelado

       v.

M. Cuebas, Inc. y Bohío
International Corporation

     Apelantes

AC-2013-0041

Cons.

AC-2013-0046
AC-2013-0070
AC-2013-0073

---------------------------

Carlos Iván Meléndez
González, Héctor Ocasio
Marrero, Rosalina Méndez
Rodríguez

     Apelado

       v.

M. Cuebas, Inc. y Bohío
International Corproation

     Apelantes

---------------------------

Víctor Roldán Flores

     Apelado

       v.

M. Cuebas, Inc. y Bohío
International Corporation

     Apelantes

---------------------------

Ángel L. Soto Ambert

     Apelado

       v.

M. Cuebas, Inc. y Bohío
International Corporation

     Apelantes

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 21 de mayo de 2015.

Comparecen ante nos las compañías M. Cuebas, Inc. (en adelante M. Cuebas) y Bohío International Corporation (en adelante Bohío) y mediante los cuatro (4) recursos consolidados de epígrafe, nos solicitan que revisemos dos (2) Sentencias emitidas por el Tribunal de Apelaciones. En estas, el foro apelativo intermedio revocó unas Sentencias emitidas por diferentes salas del Tribunal de Primera Instancia en las que se desestimaron sumariamente varias Querellas presentadas por seis (6) exempleados de M. Cuebas al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185b *et seq.*

Los casos consolidados de autos nos proveen la oportunidad para determinar el estándar específico que debe utilizar el Tribunal de Apelaciones al momento de revisar Sentencias emitidas sumariamente por el foro primario. Ello a la luz del texto de la nueva Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. V.

Previo a examinar estos asuntos, pasemos a exponer los hechos que dieron génesis a los casos consolidados que hoy atendemos.

I

Los recursos de epígrafe forman parte de una saga de Querellas que fueron presentadas en diversas salas del

Tribunal de Primera Instancia por varios exempleados de M. Cuebas contra esa corporación y la compañía Bohío. De los autos surge que M. Cuebas fue una empresa que durante cincuenta (50) años se dedicó a la producción y distribución de, *inter alia*, especias, flanes, sofrito, habichuelas y comida para aves. La Compañía mercadeaba y vendía estos productos bajo las marcas "Don Goyo", "Don Toño", "Flan del Cielo", "Caramelo del Cielo", "Tweet" y "Rikas".

Como condición para seguir comprando sus productos, en 2010 el principal cliente de M. Cuebas le requirió que estableciera un programa de control de calidad para sus productos. Para cumplir con ese requisito M. Cuebas se vería forzado a invertir una cantidad millonaria de dinero en mejoras a su negocio. Ante ese escenario la compañía decidió cerrar totalmente sus operaciones.

Así las cosas, en aras de capitalizar con el cierre de sus operaciones, M. Cuebas comenzó negociaciones con Bohío con el propósito de venderle ciertos activos. El 28 de marzo de 2011, ambas compañías suscribieron una Carta de Intención en la que estipularon los términos y condiciones que gobernarían el futuro Acuerdo de Venta de Activos entre las partes.[1] Días después, el 8 de abril de 2011 M. Cuebas

---

[1] En específico, la Carta de Intención estableció lo siguiente:

This letter will outline the basic terms and conditions of our proposal under Bohío International Corporation, or any of its affiliates, (the Buyer) would purchase from M. Cuebas, Inc. and/or its shareholder(s) ("the Seller") the property and assets more fully described below (the "Property"). This sale is being negotiated upon Seller's

comenzó el procedimiento de cierre de sus operaciones, incluyendo informarles a sus empleados en cuanto al cese de operaciones de la empresa. Además, ese mismo día comenzó el proceso de despido de su fuerza trabajadora.

Posteriormente, el 18 de agosto de 2011 ambas corporaciones suscribieron un *Asset Purchase Agreement*. En este documento las partes pactaron la compraventa de ciertos derechos de marcas y algunas recetas de M. Cuebas, así como una cantidad de máquinas para confeccionar algunas de las recetas compradas que se especificaron en el Acuerdo. Según mencionado, como parte de esta transacción las operaciones de M. Cuebas cesaron de existir.

En el Acuerdo entre las partes se especificó que Bohío no compraría el nombre de M. Cuebas, que no estaría obligado a contratar a ninguno de los empleados de esa corporación y que no se convertiría en su patrono sucesor. M. Cuebas asumió la responsabilidad por todo el procedimiento de cierre de sus operaciones. Para el mes de julio de 2011, la compañía ya no elaboraba ningún producto y para octubre de ese año, M. Cuebas había despedido a la totalidad de su fuerza trabajadora.

A partir del mes de agosto de 2011, diferentes exempleados de M. Cuebas que fueron despedidos como parte del cierre de operaciones de la empresa, entre los que se incluyen los seis (6) apelados de epígrafe, presentaron Querellas al amparo de la Ley Núm. 80, *supra*, contra M.

_____

unequivocal decision to close its operations." Ap. de Apelación AC-2014-0041, págs. 451-457,

Cuebas y Bohío. En estas alegaron que eran empleados a tiempo indeterminado de M. Cuebas y que fueron despedidos sin justa causa, por lo que tenían derecho a los remedios provistos por la Ley Núm. 80, *supra*. Además, alegaron que Bohío respondía bajo ese estatuto ya que era el "patrono sucesor" de M. Cuebas debido a que compró su maquinaria y siguió manufacturando y vendiendo sus productos. Además, alegaron que entre M. Cuebas y Bohío se dio la figura del "traspaso de negocio en marcha" codificada en la Ley Núm. 80, *supra*.

Luego de varias incidencias procesales, M. Cuebas y Bohío presentaron sendas solicitudes de sentencia sumaria. M. Cuebas argumentó que no existía controversia en cuanto al hecho de que había cerrado la totalidad de sus operaciones por lo que no respondía bajo la Ley Núm. 80, *supra*. Por su parte, Bohío argumentó que no existía controversia en cuanto a que operaba su empresa previo al negocio que llevó a cabo con M. Cuebas y que no estaban presentes los requisitos para aplicar la doctrina de "patrono sucesor" o de "traspaso de negocio en marcha".

En los cuatro (4) casos consolidados de epígrafe, diferentes salas del Tribunal de Primeria Instancia emitieron unas Sentencias en las cuales se desestimaron sumariamente las reclamaciones de los apelados. Específicamente, el 28 de enero de 2013, el Tribunal de Primera Instancia, Sala Superior de Bayamón desestimó sumariamente la Querella presentada por el Sr. Carlos

Meléndez González. Por su parte, el 28 de enero de 2013 el Tribunal de Primera Instancia, Sala Superior de Toa Alta emitió tres (3) Sentencias Parciales en las que desestimó las reclamaciones de los coapelados Héctor Ocasio Marrero, Rosalina Méndez Rodríguez y Roberto Caraballo Aquino. En síntesis, los foros primarios concluyeron que ante los hechos incontrovertidos que constaban en el expediente, M. Cuebas no era responsable ante sus exempleados bajo la Ley Núm. 80, *supra*, y que entre esa compañía y Bohío no hubo un traspaso de negocio en marcha. Los tribunales concluyeron que tampoco estaban presentes los requisitos para aplicar la doctrina de "patrono sucesor".

Todos estos exempleados recurrieron al Tribunal de Apelaciones y alegaron que sí existía controversia en cuanto a los hechos materiales del caso, por lo que no procedía desestimar sumariamente sus reclamaciones. El foro apelativo intermedio consolidó cuatro (4) de estos casos y el 21 de marzo de 2013 emitió una Sentencia en la que revocó las Sentencias Sumarias emitidas por los foros primarios de Bayamón y Toa Alta. El Tribunal de Apelaciones razonó lo siguiente:

> Podemos colegir que ante las controversias planteadas en los casos que nos ocupan, resulta sumamente difícil que el tribunal pueda reunir ante sí toda la verdad de los hechos a través de documentos...Así pues, aunque el tribunal puede dictar sentencia sumaria a su discreción, no es aconsejable resolver sumariamente este tipo de casos.
> En vista de lo antes expresado, nos resulta forzoso concluir que los casos de marras requieren que el Foro de Instancia haga un análisis ponderado y exhaustivo de la realidad fáctica en

ellos envuelta, a la luz de la normativa laboral vigente, particularmente, en torno a si en efecto se trató de un cierre de las operaciones de la querellada M. Cuebas y si les es de aplicación o no la doctrina de patrono sucesor.[2]

Durante el mes de mayo de 2013 M. Cuebas y Bohío recurrieron a este Tribunal mediante dos (2) Recursos de Apelación. En estos argumentaron que había errado el Tribunal de Apelaciones al revocar las Sentencias de los foros de instancia ya que no existía controversia en cuanto a los hechos materiales del caso, por lo que procedía dictar Sentencia Sumaria a su favor. El 25 de octubre de 2013 acogimos las apelaciones presentadas por ambas corporaciones (casos AC-2013-41 y AC-2013-46).[3]

De forma paralela, el 2 de septiembre de 2012 el Tribunal de Primera Instancia, Sala Superior de Vega Baja, emitió una Sentencia en la que desestimó sumariamente la reclamación presentada contra M. Cuebas y Bohío por parte del apelado Ángel Soto Ambert. Al mismo resultado llegó el 6 de septiembre de 2012 el Tribunal de Primera Instancia, Sala Superior de San Juan en el caso del apelado Víctor Roldán Flores. Ambos exempleados recurrieron al Tribunal de Apelaciones, en donde se consolidaron los casos, y el

---

[2] Ap. de Apelación AC-2014-41, págs. 28-29.

[3] Acogimos los recursos de M. Cuebas y Bohío como apelaciones ya que existen decisiones conflictivas entre los paneles del Tribunal de Apelaciones en los casos de epígrafe. Específicamente, 21 de marzo de 2013 en el caso *Omar Martínez Meléndez v. M. Cuebas, et al.*, KLAN201202035, un Panel del foro apelativo intermedio compuesto por las Juezas Hon. Emmalind García García y Hon. Aleida Varona Méndez y el Juez Hon. Gerardo Flores Flores emitió una Sentencia en la que se confirmó la desestimación sumaria de una Querella ocasionada por los mismos hechos de los seis (6) casos consolidados de epígrafe.

19 de abril de 2013 se emitió una Sentencia en la que se revocaron las determinaciones de los foros primarios. En esa ocasión, el foro apelativo intermedio expresó lo siguiente:

> Creemos que es necesario que el TPI otorgue oportunidad a los apelantes para que presenten la prueba que entienden controvierte los hechos planteados por los apelados. De sostenerse que en efecto hubo un traspaso de negocio en marcha, es necesario que se examine prueba respecto a la intención de Bohío para retener o no a los empleados de M. Cuebas.[4]

Tanto M. Cuebas como Bohío recurrieron a este Tribunal mediante Recursos de Apelación y nos solicitaron la revocación de la Sentencia emitida por el foro apelativo intermedio. Por tratarse de la misma controversia involucrada en los casos AC-2013-41 y AC-2013-46 que ya habíamos acogido, el 22 de noviembre de 2013 decidimos acoger las apelaciones presentadas por M. Cuebas y Bohío y consolidamos los cuatro (4) casos.

Todas las partes han comparecido mediante sus respectivos alegatos, por lo que estamos en posición de resolver la controversia ante nuestra consideración sin ulterior trámite.

II

A.

Este Tribunal ha reiterado en varias ocasiones que la Moción de Sentencia Sumaria es un mecanismo procesal que provee nuestro ordenamiento para propiciar la solución

---

[4] Ap. de Apelación AC-2013-0071, pág. 19.

justa, rápida y económica de controversias en las cuales resulta innecesario celebrar un juicio plenario. Procede en aquellos casos en los que no existen controversias **reales** y **sustanciales** en cuanto **los hechos materiales**, por lo que lo único que queda por parte del poder judicial es aplicar el Derecho. *Oriental Bank & Trust v. Perapi S.E*, 2014 TSPR 133, 192 DPR ___ (2014), res. el 15 de noviembre de 2014; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010).

En nuestro ordenamiento el mecanismo de Sentencia Sumaria está regido por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V. En esencia, esta regla dispone que para emitir una adjudicación de forma sumaria es necesario que de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, y alguna otra evidencia surja que no existe controversia real y sustancial en cuanto a ningún hecho esencial y pertinente y que, como cuestión de derecho, se debe dictar Sentencia Sumaria a favor de la parte promovente. Regla 36.3(e) de Procedimiento Civil de 2009, *supra*. Véanse, además, *SLG Zapata-Rivera v. J.F. Montalvo*, *supra*, pág. 430; *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 128 (2012).

Solo procede dictar Sentencia Sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el

Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. *Const. José Carro v. Mun. Dorado*, *supra*, pág. 129; *Nieves Díaz v. González Massas*, *supra*, pág. 848.

La parte que promueve la Moción de Sentencia Sumaria debe establecer su derecho con claridad y además, como vimos, debe demostrar que no existe controversia sustancial o real en cuanto a algún hecho material, es decir, en cuanto a ningún componente de la causa de acción. *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 326 (2013); *Nieves Díaz v. González Massas*, *supra*, pág. 848; *González Aristud v. Hosp. Pavía,* 168 DPR 127, 137 (2006). **Hemos establecido que un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable.** *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010*)* citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. I, pág. 609; *Mun. de Añasco v. ASES et al.*, *supra*, págs. 326-327. La Regla 36.1 de Procedimiento Civil de 2009 se refiere a estos hechos como "esenciales y pertinentes…". 32 LPRA Ap. V.

La controversia en cuanto al hecho material tiene que ser **real** por lo que cualquier duda es insuficiente para derrotar una Solicitud de Sentencia Sumaria. *Ramos Pérez v. Univisión*, *supra*, págs. 213-214. La duda debe ser de naturaleza tal que permita "concluir que existe una

*controversia real y sustancial* sobre hechos relevantes y pertinentes". *Íd.* (Énfasis en el original).

Por otro lado, la Regla 36 de Procedimiento Civil también regula de manera específica los requisitos de forma que debe cumplir la parte promovente de la Moción de Sentencia Sumaria así como la parte que se opone a esta. En *SLG Zapata-Rivera v. J.F. Montalvo*, supra, tuvimos la oportunidad de abundar en cuanto a estos requisitos.

En ese caso discutimos que, en cuanto al listado de hechos no controvertidos que la parte promovente debe exponer en su Solicitud, esta tiene que "desglosarlos en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada y otra prueba admisible que lo apoya". *Id*. pág. 432. A su vez, la parte que se opone a la Moción de Sentencia Sumaria está obligada a "citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente". *Id*. pág. 432.

Vemos que según nuestro ordenamiento procesal civil, se les exige tanto al promovente como al opositor de una Moción de Sentencia Sumaria que cumplan con unos requisitos de forma específicos para que pueda considerarse su Solicitud. El incumplimiento con estos requisitos tiene repercusiones distintas para cada parte.

De un lado, si el promovente de la moción incumple con los requisitos de forma, el Tribunal no estará obligado a considerar su pedido. *A contrario sensu*, si la parte opositora no cumple con los requisitos, el tribunal puede dictar Sentencia Sumaria a favor de la parte promovente, si procede en Derecho. *Id*. Incluso, si la parte opositora "se aparta de las directrices consignadas [en la regla] el tribunal podrá no tomar en consideración su intento de impugnación [de los hechos ofrecidos por el promovente]." *Id*. pág. 433.

En resumen, en *SLG Zapata-Rivera v. J.F. Montalvo*, supra, establecimos que el ordenamiento procesal civil de nuestra jurisdicción

> coloca sobre las partes, quienes conocen de primera mano sus respectivas posiciones, así como la evidencia disponible en el caso, el deber de identificar cada uno de los hechos que estiman relevantes, al igual que la prueba admisible que los sostiene. Se facilita, por lo tanto, el proceso adjudicativo al poner al tribunal en posición de evaluar conjuntamente las versiones encontradas para cada uno de los hechos refutados a la luz de las referencias a la prueba que alegadamente los apoya. Este sistema claramente agiliza la labor de los jueces de instancia y propende la disposición expedita de aquellas disputas que no necesitan de un juicio para su adjudicación. *Id*. págs. 433-434.

En ese sentido, hemos sido enfáticos que el mecanismo de la Sentencia Sumaria tiene un gran valor en nuestro ordenamiento civil. *Ramos Pérez v. Univisión*, supra, pág. 214. Correctamente utilizada, la Sentencia Sumaria evita "juicios inútiles, así como los gastos de tiempo y dinero que conlleva para las partes y el tribunal." *Id*. Por ello,

este Tribunal ha dejado claro que, aunque en el pasado nos referimos a la Sentencia Sumaria como un mecanismo procesal "extraordinario", ello no significa que su uso esté excluido en algún tipo de pleito. De hecho, en el ámbito de la Moción de Sentencia Sumaria nuestro ordenamiento "no excluye tipos de casos y realmente puede funcionar en cualquier contexto sustantivo". P. Órtiz Álvarez, *Hacia el uso óptimo de la sentencia sumaria*, 3 *Forum* 3, 9 (1987). Es decir, nuestra jurisprudencia es clara en que no importa lo complejo que sea un pleito, si de una bien fundamentada Moción de Sentencia Sumaria surge que no existe controversia real en cuanto a los hechos materiales del caso, puede dictarse Sentencia sumariamente.

Finalmente, las Reglas de Procedimiento Civil de 2009 introdujeron un cambio significativo en cuanto a las obligaciones de los tribunales al momento de atender Solicitudes de Sentencia Sumaria. En específico, en la Regla 36.4 se estableció lo siguiente:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado **o se deniega la misma**, y es necesario celebrar juicio, **será obligatorio** **que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se

considerarán probados los hechos así especificados y se procederá de conformidad.

A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno. 32 LPRA Ap. V.

Como se puede apreciar, esta regla establece que la presentación de una Moción de Sentencia Sumaria tendrá unos efectos importantes en el litigio, **independientemente de cómo esta se adjudique**. Ahora se les requiere a los jueces que aun cuando denieguen, parcial o totalmente, una Moción de Sentencia Sumaria, determinen los hechos que han quedado incontrovertidos y aquellos que aún están en controversia.[5]

En cuanto a esta nueva exigencia, el tratadista José A. Cuevas Segarra explica lo siguiente:

> Esta regla se modificó para disponer que el tribunal...está obligado a determinar, mediante resolución, los hechos esenciales y pertinentes sobre los que no existe controversia sustancial, así como aquellos que estén incontrovertidos, a los fines de que no se tenga[n] que relitigar los hechos que no están en controversia.
> ...
> Lo importante de esta regla es que el nuevo texto mejorado hace énfasis **en el carácter mandatorio** de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos. **Esta es la única forma de propiciar una revisión adecuada por los foros apelativos.** J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed. T. III, Publicaciones JTS, 2011, págs. 1074-1075. (Énfasis suplido).

---

[5] La Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, hace referencia a esta obligación al establecer, en lo pertinente lo siguiente:

> En los casos en que se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal determinará los hechos en conformidad con la Regla 36.4

Como vemos, este Tribunal se ha expresado en múltiples ocasiones en cuanto a los requisitos que deben cumplir las Mociones de Sentencia Sumaria y en cuanto al estándar que deben utilizar los jueces de instancia al momento de atender ese tipo de mociones. Sin embargo, en reducidas ocasiones nos hemos expresado en cuanto al estándar aplicable al Tribunal de Apelaciones al momento de revisar las determinaciones del foro primario de conceder o denegar Mociones de Sentencia Sumaria. Pasemos entonces a explorar específicamente este aspecto.

B.

*In limine*, este Tribunal ha sido enfático al establecer que, como parte de sus deberes, el foro apelativo intermedio está obligado a resolver los asuntos presentados ante su consideración de forma fundamentada. Ello en aras de que este Tribunal, como foro revisor de última instancia, cuente con un récord completo al momento de ejercer su función apelativa. *Maldonado Bermúdez v. Maldonado González*, 141 DPR 19 (1996)(Per Curiam).

En cuanto al asunto específico del estándar que debe utilizar el Tribunal de Apelaciones al momento de revisar determinaciones del foro primario en las que se conceden o deniegan Mociones de Sentencia Sumaria, solo nos hemos expresado en una ocasión anterior. En *Vera v. Dr. Bravo*, 161 DPR 308 (2004), pautamos lo siguiente:

> **El tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria.**

Sin embargo, al revisar la determinación de primera instancia, el tribunal de apelación está limitado de dos maneras: primero, sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación exhibit[s], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. Segundo, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Id.*, págs. 334-335. (Énfasis suplido).

Podemos colegir que desde hace una década fuimos claros en que **el Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar una Solicitud de Sentencia Sumaria.** Además, debe utilizar los mismos criterios que el ordenamiento le impone al foro primario para analizar si procede o no la desestimación de un pleito por la vía sumaria.[6]

Sin embargo, en *Vera v. Dr. Bravo*, supra, limitamos el ámbito de discreción del foro apelativo intermedio en casos de revisión de Sentencias Sumarias en dos (2) aspectos. Como vimos, el primer aspecto representa una

---

[6] Las opiniones disidentes parecen hacer caso omiso a este precedente básico en cuanto a que el Tribunal de Apelaciones y el Tribunal de Primera Instancia están atados por los mismos criterios al momento de revisar Solicitudes de Sentencia Sumaria. Ambas disidencias se enfocan en que estos foros tienen naturalezas distintas, ya que el foro apelativo intermedio no puede recibir prueba. Sin embargo, este asunto ya fue atendido en *Vera v. Dr. Bravo, 161* DPR 308 (2004). En ese caso claramente expusimos que, al revisar Solicitudes de Sentencia Sumaria, el foro apelativo intermedio no podía recibir prueba que no fue presentada en el foro primario y no puede adjudicar hechos. En ese sentido, las preocupaciones de la disidencia en cuanto a la naturaleza distinta del Tribunal de Apelaciones fueron atendidas hace una década.

limitación básica del Derecho Procesal Apelativo en el sentido de que, de ordinario, las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. *Véase*, *E.L.A. v. Northwestern Selecta*, 185 DPR 40, 55 (2012). El segundo limita la facultad del Tribunal de Apelaciones a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, mas no puede adjudicarlos.

Según intimado, los casos consolidados de autos nos permiten atemperar la norma que pautamos hace una década en *Vera v. Dr. Bravo*, supra, a los cambios que se introdujeron con las Reglas de Procedimiento Civil de 2009. Como en otras ocasiones, procedemos a explorar la jurisprudencia federal en cuanto a este asunto, "ya que nuestra regla de sentencia sumaria utilizó como modelo la Regla 56 de Procedimiento Civil federal." *Ramos Pérez v. Univisión*, supra, pág. 213.

En la esfera federal, los Tribunales de Apelaciones para los distintos Circuitos utilizan un estándar similar al que propusimos en *Vera v. Dr. Bravo*, supra. En ese sentido, al momento de revisar decisiones en las que se aprueba o se deniega una Moción de Sentencia Sumaria, los foros apelativos se encuentran en la misma posición que los tribunales de distrito y utilizan los mismos criterios para evaluarlas. 10A Wright & Miller, *Federal Practice and Procedure: Civil 3d*, Sec. 2716, pág. 273. Por ende, la

revisión del tribunal apelativo federal es una *de novo* utilizando la totalidad del récord que estuvo disponible para el tribunal de distrito. *Véase*, *Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's London*, 637 F.3d 53, 56 (1er Cir. 2011); *Clift v. Clift*, 210 F.3d 268 (5to Cir. 2000). Además, el Tribunal Supremo federal ha expresado que, a nivel apelativo, la revisión de la denegatoria o concesión de una Moción de Sentencia Sumaria se lleva a cabo examinando toda la evidencia de la manera más favorable a favor de la parte que se opuso a la solicitud de sentencia sumaria en el distrito, llevando a cabo todas las inferencias permisibles a su favor. *Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's London,* supra*.*

En el caso de que el Tribunal de Distrito federal **deniegue** una Moción de Sentencia Sumaria por entender que existen hechos materiales en controversia, el tribunal apelativo solo revisa si el foro primario abusó de su discreción. *Véase*, *McMullen v. Meijer*, 337 F.3d 697 (6to Cir. 2003). *A contrario sensu*, si la denegatoria del tribunal de distrito se dio por fundamentos del Derecho aplicable a la causa de acción, el foro apelativo revisa *de novo* para verificar si el foro primario aplicó correctamente el Derecho. *Id*.

Por otro lado, en los casos en que el tribunal de distrito decida que **procede** una Moción de Sentencia Sumaria, el tribunal apelativo tiene dos (2) vías de

revisión. Por un lado, revisa si en realidad no existen hechos materiales en controversia. Por otro, aun si decidiera que no existe controversia en cuanto a los hechos materiales, puede revisar si el tribunal de distrito aplicó correctamente el derecho. *Véase*, *Phelan v. Laramie County Community College Bd. Of Trustees*, 235 F.3d 1243 (10mo Cir. 2000). Ambas vías de revisión se dan *de novo*.

En este punto, es menester hacer hincapié en una diferencia importante entre nuestra jurisdicción y la federal en cuanto a las reglas procesales que rigen la figura de la Moción de Sentencia Sumaria. Como vimos, nuestra Regla 36.4 de Procedimiento Civil le exige a los tribunales que, independientemente de cómo resuelvan una Moción de Sentencia Sumaria, emitan una lista de los hechos que encontró que no están en controversia en el pleito y los que sí lo están. Esta exigencia no existe en el ámbito federal, ya que la Regla 56(g) de Procedimiento Civil federal establece lo siguiente:

> (g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested in the motion, it **may** enter an order stating any material fact -including and item of damages or other relief- that is not genuinely in dispute and treating that fact as established in the case. 28 USCA FRCP R. 56 (Énfasis suplido).

Como podemos apreciar, esta regla federal le permite a los tribunales emitir una Orden que exponga los hechos materiales que están incontrovertidos en las instancias en que denieguen Mociones de Sentencia Sumaria. A diferencia

de nuestra Regla 36.4 de Procedimiento Civil, *supra,* queda a la discreción del juez de distrito emitir o no esa Orden.

Con este marco de referencia presente, estamos en posición de establecer el estándar específico que debe utilizar el Tribunal de Apelaciones en nuestra jurisdicción al momento de revisar denegatorias o concesiones de Mociones de Sentencia Sumaria, a la luz de la jurisprudencia revisada y las Reglas de Procedimiento Civil aprobadas en 2009.

**Primero**, reafirmamos lo que establecimos en *Vera v. Dr. Bravo*, supra, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en el sentido de que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y no puede adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo. La revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia

Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.

**Segundo**, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*, y discutidos en *SLG Zapata-Rivera v. JF Montalvo*, supra.

**Tercero**, en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, **el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos.** Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

**Cuarto**, y por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

Este estándar atempera lo que habíamos establecido hace una década en *Vera v. Dr. Bravo*, supra, a las

exigencias de las nuevas Reglas de Procedimiento Civil. Específicamente, aplicar el requisito de la Regla 36.4 de Procedimiento Civil, *supra,* para exigir que el Tribunal de Apelaciones exprese concretamente cuáles hechos materiales están en controversia adelanta dos (2) propósitos.

Primero, permite que las razones de política pública que inspiraron la Regla 36.4 de Procedimiento Civil, *supra,* se mantengan a nivel del foro apelativo intermedio ya que, como vimos, en nuestro ordenamiento la presentación de una Moción de Sentencia Sumaria tiene el efecto de establecer los hechos que están controvertidos y aquellos que no lo están, independientemente del resultado de la Moción de Sentencia Sumaria. **Si se permite que el Tribunal de Apelaciones revoque Sentencias emitidas sumariamente bajo un fundamento escueto de que "existen hechos materiales en controversia" se daría al traste con lo codificado en la Regla 36.4 de Procedimiento Civil,** *supra,* **y las partes quedarían en la misma posición que estaban previo a la presentación de la Moción de Sentencia Sumaria, atrasando así el litigio de manera injustificada.** Es decir, las partes volverían al día uno (1) del litigio –**con todos los asuntos en controversia**– a pesar de haber gastado tiempo y recursos en la presentación de Solicitudes de Sentencia Sumaria. Segundo, exigirle al Tribunal de Apelaciones que cumpla con la Regla 36.4 de Procedimiento Civil, *supra,* ayuda también en la responsabilidad apelativa de este Tribunal Supremo al

momento de revisar los fundamentos que movieron al foro apelativo intermedio a revocar una Sentencia Sumaria.[7]

Con este estándar presente, pasemos a examinar si el Tribunal de Apelaciones erró en los casos consolidados de epígrafe al revocar las Sentencias Sumarias emitidas por varias salas del Tribunal de Primera Instancia.

III

De los autos podemos constatar que dos (2) Paneles del Tribunal de Apelaciones emitieron Sentencias en las que revocaron varias Sentencias Sumarias emitidas por el foro primario en los casos consolidados de epígrafe.

En la primera de las Sentencias emitidas por el foro apelativo intermedio en el Caso KLAN201300130, se concluyó que los casos de autos eran complejos por lo que resultaba "sumamente difícil que el tribunal pueda reunir ante sí toda la verdad de los hechos a través de documentos".[8] Por ello, concluyó que ameritaba un juicio en su fondo ya que

---

[7] Este Tribunal nunca ha concluido que cuando una regla procesal hace referencia al término "tribunal" se refiere únicamente al foro de instancia. En *De Jesús Viñas v. González Lugo*, 170 D.P.R. 499 (2007) decidimos **que en el contexto específico de la entonces vigente Regla 49.2 de Procedimiento Civil**, la palabra "tribunal" se refiere al foro primario y la frase "tribunal apelativo o revisor" se refiere al Tribunal de Apelaciones. *Id*. pág. 511. Ello ya que la Regla 49.2 hacía referencia a ambos tribunales. **Eso no ocurre con la actual Regla 36.4 en la que no se diferencia entre los dos tribunales.** Además, en ese caso expresamos que "no todas las figuras incorporadas y reguladas mediante las Reglas de Procedimiento Civil se encuentran disponibles en los procesos ante el Tribunal de Apelaciones…". *Id*. pág. 512. Ciertamente, la revisión de una sentencia sumaria, **a diferencia de la moción de relevo de sentencia que atendimos en *De Jesús Viñas*, supra,** es una figura procesal disponible en el Tribunal de Apelaciones. *Vera v. Dr. Bravo*, 161 D.P.R. 308 (2004).

[8] Ap. de Apelación AC-2014-041, pág. 28.

al ser un caso complejo, "no [era] aconsejable resolver sumariamente ese tipo de casos".[9]

El razonamiento del Tribunal de Apelaciones fue uno errado. De entrada, desde *Ramos Pérez v. Univisión*, supra, hemos enfatizado que el mero hecho de que un pleito involucre controversias complejas no impide que este se pueda resolver sumariamente si en realidad no existen hechos materiales en controversia.

Por otro lado, el foro apelativo intermedio también erró al revocar la determinación del foro primario ya que no expresó cuáles hechos materiales, si algunos, encontró que estaban en controversia. Aun si asumiéramos que el Tribunal de Apelaciones dio por no controvertidos los hechos materiales del caso, como sea no expresó si concluyó que el foro primario aplicó incorrectamente el Derecho al resolver sumariamente los casos involucrados. Como vimos, el foro apelativo intermedio se circunscribió a revocar al Tribunal de Primera Instancia porque el caso era uno complejo que no era "aconsejable" resolver sumariamente. Este proceder fue errado al no cumplir con nuestra normativa de revisión de Sentencias Sumarias y pasar por alto los requisitos de la Regla 36.4 de Procedimiento Civil, *supra*.

La segunda Sentencia emitida por el foro apelativo intermedio en el Caso KLAN201201620 también padece de estos errores. En esa Sentencia el foro apelativo

---

[9] *Id.*

intermedio expresó que "de la información contenida en las mociones de oposición presentadas por los apelantes surge la existencia de controversia sobre varios hechos esenciales".[10] No obstante, el Tribunal de Apelaciones no expresó cuáles hechos específicos encontró controvertidos. Como vimos, este proceder es contrario al texto claro la Regla 36.4 de Procedimiento Civil, *supra,* ya que deja a las partes en un estado de dudas en cuanto a cuáles hechos están realmente en controversia. A pesar de que el foro primario llevó a cabo un estudio de la evidencia disponible y concluyó que los hechos materiales del pleito estaban incontrovertidos, el Tribunal de Apelaciones se limitó a revocar bajo el fundamento escueto de que "existen controversias de hechos". Como vimos, esa actuación por parte del foro apelativo intermedio es improcedente.

Pero más preocupante aún resulta la siguiente expresión realizada por ese Tribunal: "Creemos que es necesario que el TPI otorgue oportunidad [sic] a los apelantes para que presenten la prueba que entienden controvierte los hechos planteados por los apelados".[11] Esta expresión es una negación del mecanismo de Sentencia Sumaria establecido en la Regla 36 de Procedimiento Civil, *supra*. La parte que se opone a una Moción de Sentencia Sumaria tiene el deber de presentar una Oposición a la

---

[10] Ap. de Apelación AC-2013-0071, pág. 19.

[11] *Id.*

solicitud presentada y de acuerdo con los requisitos de forma que exige la citada Regla 36 de Procedimiento Civil, traer a la atención del Tribunal la evidencia que demuestra que existen hechos materiales en controversia. La etapa procesal para presentar prueba que controvierta los hechos propuestos por una parte en su Moción de Sentencia Sumaria no es en el juicio, sino al momento de presentar una Oposición a la Moción de Sentencia Sumaria, según lo exige la Regla 36 de Procedimiento Civil, *supra*.[12]

En fin, por las razones discutidas anteriormente, concluimos que ambos Paneles del Tribunal de Apelaciones erraron en su revisión de las Sentencias Sumarias emitidas por varias salas del Tribunal de Primera Instancia. Por ende, devolvemos los casos de autos al foro apelativo intermedio para que, a la luz del estándar establecido en esta Opinión, analice si procedía desestimar sumariamente las Querellas presentadas por los apelados de epígrafe.

---

[12] Las opiniones disidentes concluyen que los paneles del Tribunal de Apelaciones cumplieron con su encomienda ya que entienden que ambos paneles expresaron cuáles hechos estaban en controversia. Por ejemplo, la Juez Asociada señora Rodríguez Rodríguez expresa que el hecho en controversia es si "coexistía una 'similaridad sustancial en la operación de la empresa y una continuidad en la identidad de la empresa antes y después del cambio corporativo'."Op. Disidente, Rodríguez Rodríguez, J., pág. 9. Por su parte, el Juez Asociado señor Estrella Martínez expresa que el hecho en controversia es si "en efecto hubo un cierre de operaciones de la corporación adquirida que impida la aplicación de la doctrina de patrono sucesor". Op. Disidente, Estrella Martínez J., pág. 20. Sin embargo, ninguno identifica alguna pieza evidenciaria que conste en autos que demuestre que en efecto existe controversia en cuanto a ese asunto.

El problema con estas expresiones de la disidencia es que se reducen a **repetir una de las alegaciones** de los empleados recurridos de epígrafe, a saber, si en estos casos aplica la doctrina de patrono sucesor. Es decir, un Tribunal no puede limitarse a encontrar una "controversia de hechos materiales" con meramente repetir la controversia del caso. Nuestro ordenamiento procesal exige que los litigantes coloquen al tribunal en posición de concluir que existe tal controversia **a través de evidencia admisible,** no meramente mediante la repetición de las alegaciones de la Demanda.

Con este proceder, las partes que resulten perdidosas en el foro apelativo tendrán la oportunidad de recurrir nuevamente a este Foro de entender que erró el Tribunal de Apelaciones al aplicar a los casos de autos la norma que hoy establecemos.

## IV

Por los fundamentos antes expuestos, se revocan las Sentencias apeladas. Se devuelven los casos consolidados de autos a los respectivos Paneles del Tribunal de Apelaciones para que, a la luz de la norma establecida en esta Opinión, revisen si procedían las sentencias sumarias emitidas por varias salas del Tribunal de Primera Instancia en los casos consolidados de epígrafe.

Se dictará Sentencia de conformidad.


                              Mildred G. Pabón Charneco
                                    Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carlos Iván Meléndez González, Héctor Ocasio Marrero, Rosalina Méndez Rodríguez y Roberto Caraballo Aquino<br><br>    Apelado<br><br>       v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>    Apelantes | AC-2013-0041<br><br>Cons.<br><br>AC-2013-0046<br>AC-2013-0070<br>AC-2013-0073 |
| --------------------------- | |
| Carlos Iván Meléndez González, Héctor Ocasio Marrero, Rosalina Méndez Rodríguez<br><br>    Apelado<br><br>       v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>    Apelantes | |
| --------------------------- | |
| Víctor Roldán Flores<br><br>    Apelado<br><br>       v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>    Apelantes | |
| --------------------------- | |
| Ángel L. Soto Ambert<br><br>    Apelado<br><br>       v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>    Apelantes | |

SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2015.

Por los fundamentos expuestos en la Opinión que antecede, se revocan las Sentencias apeladas. Se devuelven los casos consolidados de autos a los respectivos Paneles del Tribunal de Apelaciones para que, a la luz de la norma establecida en la Opinión que antecede, revisen si procedían las sentencias sumarias emitidas por varias salas del Tribunal de Primera Instancia en los casos consolidados de epígrafe.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió una Opinión Disidente a la que se unió la Jueza Presidenta señora Fiol Matta. El Juez Asociado señor Estrella Martínez emitió una Opinión Disidente. La Jueza Asociada Oronoz Rodríguez disintió y emitió la expresión siguiente:

La Jueza Asociada Oronoz Rodríguez disiente de la Opinión mayoritaria por entender que las Sentencias emitidas por el foro intermedio en los casos consolidados y atendidos por este Tribunal son esencialmente correctas. Asimismo, cumplen con las exigencias requeridas para sustentar su dictamen conforme a la Regla 10(a) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 10(a). Dicha Regla es clara al disponer que las determinaciones del Tribunal de Apelaciones deben estar fundamentadas e incluir una relación de hechos, una exposición y un análisis de los asuntos planteados o conclusiones de derecho. Íd. En consecuencia, considera que no es necesario ni propicio extender los requerimientos de la Regla 36.4 de Procedimiento Civil al Tribunal de Apelaciones. 32 LPRA Ap. V, R. 36.4. Ante ello, confirmaría las Sentencias del Tribunal de Apelaciones y devolvería los casos al Tribunal de Primera Instancia para que se dilucidaran las controversias en un juicio plenario.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Carlos Iván Meléndez González,<br>Héctor Ocasio Marrero,<br>Rosalina Méndez Rodríguez y<br>Roberto Caraballo Aquino<br><br>Apelados<br><br>v.<br><br>M. Cuebas, Inc. y Bohío<br>International Corporation<br><br>Apelantes | | AC-2013-0041<br><br>Cons.<br><br>AC-2013-0046<br>AC-2013-0070<br>AC-2013-0073 |

--------------------------

Carlos Iván Meléndez González,
Héctor Ocasio Marrero,
Rosalina Méndez Rodríguez

Apelados

v.

M. Cuebas, Inc. y Bohío
International Corporation

Apelantes

--------------------------

Víctor Roldán Flores

Apelado

v.

M. Cuebas, Inc. y Bohío
International Corporation

Apelantes

--------------------------

Ángel L. Soto Ambert

Apelado

v.

M. Cuebas, Inc. y Bohío
International Corporation

Apelantes

Opinión Disidente emitida por la Juez Asociada señora Rodríguez Rodríguez a la que se une la Jueza Presidenta señora Fiol Matta
San Juan, Puerto Rico, a 21 de mayo de 2015

La Opinión que hoy emite una mayoría de este Tribunal amplía indebidamente el alcance de las disposiciones de la Regla 36.4 de Procedimiento Civil para exigirle a los foros apelativos que trasciendan el ámbito de sus facultades revisoras y actúen, para todos los efectos, como tribunales de primera instancia. Por entender que las exigencias de la Regla 36.4 no se extienden a los procedimientos ante un foro apelativo, disiento del razonamiento expuesto en la Opinión mayoritaria.

El razonamiento de una mayoría de este Tribunal equipara una denegatoria total o parcial de una moción de sentencia sumaria presentada ante un foro de instancia con la revocación de un dictamen sumario a nivel apelativo. Consiguientemente, le exige a los foros apelativos que, al momento de revocar determinaciones de los foros primarios que concedan mociones de sentencia sumaria, cumplan con los requisitos que establece la Regla 36.4 de Procedimiento Civil. Es decir, los foros apelativos intermedios estarán obligados a resolver el recurso presentado "mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que estén realmente y de buena fe controvertidos". Regla 36.4 de Procedimiento Civil, 32

L.P.R.A. Ap. V, R. 36.4. Por entender que este requisito no se atempera a la función apelativa, disiento del dictamen mayoritario.

## I

Como cuestión de umbral, resulta preciso distinguir entre lo que constituye un estándar de revisión y los requisitos procesales que debe seguir un foro apelativo al aplicar éste. Si bien es cierto que un foro apelativo se encuentra en la misma posición que el foro primario al momento de evaluar un dictamen sumario, esto no implica que su dictamen debe ceñirse a los mismos requisitos que se le exigen a un tribunal de instancia. Lo anterior, no sólo responde a  la naturaleza particular de ambos foros, sino que además asegura que las facultades y competencias de ambos tribunales se ejerzan de manera cónsona con la función que realizan. Así, por ejemplo, y como reconoce la Opinión mayoritaria, la tarea de adjudicar controversias reales en torno a hechos materiales en la dilucidación de una controversia le corresponde propiamente al foro de instancia y no al foro revisor.  Véase *Vera v. Dr. Bravo*, 161 D.P.R. 308, 335 (2004).

## II

Corresponde, entonces, contextualizar el texto de la Regla 36.4 a los procedimientos que realiza un foro primario en su rol adjudicador en aras de considerar los

fundamentos para exigir su aplicación a nivel apelativo. La Regla 36.4 de Procedimiento Civil dispone lo siguiente:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno.

Según se desprende del texto de la Regla, una moción de sentencia sumaria presentada ante un tribunal de instancia deberá resolverse conforme a la exigencia de que, al denegar ésta total o parcialmente, el tribunal deberá emitir una determinación que permita a las partes conocer aquellos hechos esenciales y pertinentes que no pueden ser adjudicados por la vía sumaria y que serán objeto del litigio. De otra parte, y con el propósito de agilizar la resolución de controversias, la Regla también exige que los hechos incontrovertidos sean igualmente delimitados por el foro primario en la determinación emitida.

La precitada Regla, por tanto, sirve dos propósitos principales: (1) agiliza la dilucidación de las

controversias presentadas en los foros primarios que no pueden ser resueltas total o parcialmente por la vía sumaria y (2) supone "una forma de propiciar una revisión adecuada por los foros apelativos". José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo III, en la pág. 1074 (2da ed. 2010). Es decir, los foros apelativos, al contar con una determinación de los hechos controvertidos y no controvertidos, estarán en mejor posición de evaluar la actuación del foro primario. Esto responde, sin duda, a la posición jerárquica de los foros apelativos y al rol revisor que éstos ejercen.

Exigir a un foro apelativo emitir una determinación conforme a la Regla 36.4, al momento de revocar un dictamen sumario emitido por un tribunal de instancia, supondría una intromisión indebida de ese foro en la facultad de adjudicar la controversia que ostenta el foro primario, ante el cual se dilucidará el pleito.

### III

Como es sabido, en nuestro ordenamiento procesal civil, sólo los foros de instancia tienen la facultad de denegar o conceder mociones de sentencia sumaria o de dictar sentencias parciales una vez alguna de las partes del pleito ha solicitado disponer de éste sumariamente. La Regla 36.4, por tanto, preceptúa los requisitos con los que deben cumplir los foros primarios al ejercer esa facultad. Asimismo, las Reglas 36.1 y 36.2 establecen los criterios

que deben guiar la discreción de un foro primario al momento de adjudicar una moción de sentencia sumaria; a saber, que de la evidencia o declaraciones juradas presentadas se entienda que no existe una controversia sustancial de hechos importantes y pertinentes y que sólo proceda aplicar el derecho. Véanse, 32 L.P.R.A. Ap. V, R. 36.1, 36.2.

En lo que respecta a la revisión de un dictamen sumario, hemos establecido que "[e]l tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si **procede** una sentencia sumaria". *Vera v. Dr. Bravo*, 161 D.P.R. 308, 334 (2004) (énfasis suplido). No obstante, la utilización de estos criterios se hace en un contexto distinto, pues el análisis se centra en la procedencia de la actuación del foro primario con relación a la moción de sentencia sumaria presentada. En el caso en que el foro apelativo determine que era improcedente disponer del pleito sumariamente, revocará y devolverá al foro primario para la continuación de los procedimientos, pues, como se indicó, no le corresponderá adjudicar las controversias subsistentes entre las partes. Por otro lado, en el caso en que sea un foro primario el que determine la improcedencia de una moción de sentencia sumaria y deniegue la misma, los procedimientos continuarán ante sí y será éste quien resolverá conforme a Derecho, luego de la celebración del juicio correspondiente.

En el pasado, hemos sido enfáticos al rechazar la aplicación automática e indeliberada de las Reglas de Procedimiento Civil a los foros apelativos. Así, en *De Jesús Viña v. González Lugo*, 170 D.P.R. 499 (2007), al evaluar la aplicabilidad de la Regla 49.2 de Procedimiento Civil al tribunal de apelaciones, distinguimos entre éste y un tribunal de instancia, razonando que

> La naturaleza y el propósito de ambos tribunales son distintos. Mientras que en el Tribunal de Primera Instancia se da la presentación de la prueba y el encuentro entre las partes involucradas, en el tribunal apelativo intermedio la función se limita a la revisión de los procedimientos llevados a cabo ante el tribunal de instancia. **En ello precisamente estriba el que ambos tribunales no puedan regirse automáticamente por las mismas reglas.** La aplicación automática de las Reglas de Procedimiento Civil al Tribunal de Apelaciones definitivamente desvirtuaría la naturaleza del proceso apelativo, el cual se debe caracterizar por la justicia apelativa rápida y efectiva.

*Id.* en la pág. 512 (2007)(énfasis suplido).

De la misma manera, indicamos que cuando la referida regla procesal hacía *referencia* al término "tribunal" se refería al foro primario, mientras que la utilización de los términos "tribunal revisado o apelado" aludía a los foros apelativos. Véase *id.* en la pág. 511. En atención a esta distinción, indicamos que

> A pesar de que el tribunal apelativo intermedio forma parte del Tribunal General de Justicia y las Reglas de Procedimiento Civil van dirigidas a los procedimientos celebrados ante dicha entidad, ello no significa que todas las figuras incorporadas y reguladas mediante las Reglas de Procedimiento Civil se encuentran disponibles en

los procesos ante el Tribunal de Apelaciones,
salvo que la propia regla disponga explícitamente
lo contrario.[13]

*Id.* en la pág. 512.

Claramente, el texto de la Regla 36.4 que nos ocupa se refiere al foro primario, al cual le corresponde, no sólo evaluar la moción de sentencia sumaria presentada, sino, además, celebrar el juicio correspondiente una vez ésta sea

---

[13] En el pasado, al resolver que las mociones de relevo de sentencia no están disponibles ante el foro apelativo intermedio, hemos evaluado cómo la figura procesal en cuestión se ajusta a los procedimientos apelativos. En el presente caso, conviene reiterar que la función revisora del Tribunal de Apelaciones, en lo que respecta a las determinaciones de hecho realizadas por el foro primario, es una sumamente limitada. Esto, puesto que es el foro primario el que se encuentra en mejor posición para hacer tales determinaciones. Debido a la naturaleza revisora del Tribunal de Apelaciones y cómo éste debe evitar realizar determinaciones de hechos que no le corresponden, la Regla 83.1 del Reglamento del Tribunal de Apelaciones permite a ese foro, ante un dictamen del Tribunal de Primera Instancia carente de fundamentos adecuados, "retener jurisdicción sobre el recurso y ordenar al tribunal de instancia, organismo o agencia que fundamente la sentencia o resolución final previamente emitida". Regla 83.1 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 83.1. Esta Regla propende evitar que los foros apelativos intermedios sean los primeros que emitan determinaciones de hechos y conclusiones de derecho en un caso en particular. La Opinión que hoy suscribe una mayoría avala que el Tribunal de Apelaciones haga esas determinaciones en primera instancia. Consideraciones prácticas relacionadas con la justicia apelativa evidencian el desacierto que representa el dictamen mayoritario. Así, cabe destacar que, conforme a lo que pauta la mayoría, una parte adversamente afectada por las determinaciones que hiciera un Tribunal de Apelaciones al revocar un dictamen sumario, sólo tendrá a su disposición una oportunidad de revisión ante este Foro. Por otro lado, una parte a quien se le deniegue una moción de sentencia sumaria a nivel de instancia tendrá dos oportunidades de revisión, pues podrá revisar las determinaciones emitidas por el Tribunal de Primera Instancia ante el Tribunal de Apelaciones y, de no prevalecer, ante este Tribunal.

denegada total o parcialmente. El foro apelativo, por su parte, tendrá que cumplir con los requisitos que le impone la Regla 10 del Reglamento del Tribunal de Apelaciones al momento de emitir una sentencia revisando la denegatoria o concesión de una moción de sentencia sumaria. Así, una sentencia emitida por un Tribunal de Apelaciones, "incluirá una exposición de los fundamentos que apoyen su determinación y cuando la naturaleza del recurso lo requiera, incluirá una relación de hechos, una exposición y análisis de los asuntos planteados, o conclusiones de derecho". Regla 10 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 10.

**IV**

En los casos ante nuestra consideración, tras la desestimación sumaria por parte de los foros primarios, los foros apelativos recurridos concluyeron que existía una controversia con relación a la aplicación de la doctrina de patrono sucesor. Para fundamentar esta determinación, un foro determinó que disponer del pleito sumariamente resultaba difícil, por la imposibilidad que suponía "reunir ante sí toda la verdad de los hechos a través de documentos". *Meléndez González v. M. Cuebas, Inc.*, 2013 WL 1720500 (TCA, 2013). De esta manera, consideró necesario que el foro primario realizara un análisis ponderado y exhaustivo de la realidad fáctica, por entender que existía controversia con relación a un hecho esencial y pertinente;

a saber, si coexistía "similaridad sustancial en la operación de la empresa y una continuidad en la identidad de la empresa antes y después del cambio corporativo". *Id.*

En el otro recurso consolidado, el foro apelativo concluyó que existía controversia sobre varios hechos esenciales, enfocando éstos en elementos de intención relacionados a la compraventa de los activos de M. Cuebas. Además, determinó que no era procedente adjudicar la controversia por la vía sumaria "[a] base de meros documentos". *Roldán Flores v. M. Cuebas Inc.*, 2013 WL 2316668 (TCA, 2013).

Consecuentemente, ambos foros determinaron que, en atención a la complejidad de los casos y las controversias planteadas, y tomando en consideración la naturaleza excepcional del mecanismo de sentencia sumaria, lo procedente era la resolución del pleito mediante un juicio en su fondo. Estimo que estas determinaciones de los foros apelativos cumplen con lo dispuesto en el Reglamento del Tribunal de Apelaciones y que los requerimientos ulteriores que hoy una mayoría intenta imponer a los foros apelativos es, a todas luces, excesivo. Además, estimo que los requerimientos desvirtúan la naturaleza de los procesos apelativos en nuestro ordenamiento procesal civil.

## V

Por los fundamentos que anteceden, disiento del curso de acción de una mayoría de este Tribunal mediante el cual

se extiende a los foros apelativos la obligación de emitir una determinación conforme a los preceptos de la Regla 36.4. Por tal razón, confirmaría las sentencias apeladas sin exigir trámite ulterior por parte de los foros apelativos.


                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carlos Iván Meléndez González, Héctor Ocasio Marrero, Rosalina Méndez Rodríguez y Roberto Caraballo Aquino<br><br>    Apelado<br><br>       v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>    Apelantes | AC-2013-0041<br><br>Cons.<br><br>AC-2013-0046<br>AC-2013-0070<br>AC-2013-0073 |
| Carlos Iván Meléndez González, Héctor Ocasio Marrero, Rosalina Méndez Rodríguez<br><br>    Apelado<br><br>       v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>    Apelantes | |
| Víctor Roldán Flores<br><br>    Apelado<br><br>       v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>    Apelantes | |
| Ángel L. Soto Ambert<br><br>    Apelado<br><br>       v.<br><br>M. Cuebas, Inc. y Bohío International Corporation<br><br>    Apelantes | |

Opinión disidente del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 21 de mayo de 2015.

I

Los casos de epígrafe surgen como consecuencia de una serie de querellas presentadas por los ex empleados de M. Cuebas, Inc. (M. Cuebas). Cada una de estas querellas está fundamentada en una alegada causa de acción por despido injustificado contra M. Cuebas y Bohío International Corporation (Bohío). Los querellantes sostuvieron que entre las corporaciones ocurrió la compraventa de un negocio en marcha y que aplica la doctrina de patrono sucesor.

Por su parte, M. Cuebas y Bohío sostienen que el despido de los querellantes estuvo justificado, ya que respondió al cierre total de operaciones de M. Cuebas. Así, aducen que Bohío sólo adquirió ciertos activos de M. Cuebas y sostienen que del contrato de compraventa surge expresamente que se pactó que Bohío no sería una corporación sucesora de M. Cuebas. Ante tal contención, M. Cuebas y Bohío solicitaron la disposición de las demandas mediante sentencia sumaria.

A la solicitud de sentencia sumaria se opusieron los querellantes. En síntesis, arguyeron que Bohío se convirtió en un patrono sucesor de M. Cuebas. Igualmente, adujeron que las expresiones de los querellados no son concluyentes y no están fundamentadas en prueba. Indicaron que Bohío

utiliza la maquinaria adquirida para la producción de las marcas y productos comprados a M. Cuebas.

Evaluadas las posturas de las partes, los tribunales de primera instancia que emitieron las respectivas sentencias sumarias, procedieron a desestimar en su totalidad y con perjuicio la reclamación de los querellantes contra M. Cuebas y Bohío. En sus dictámenes, los foros primarios entendieron que los documentos presentados demostraron que no se configuró un traspaso de negocio en marcha. Al así hacerlo, consideraron que M. Cuebas descontinuó de forma absoluta sus operaciones, no hubo continuidad de éstas; y Bohío no usa el mismo local ni retuvo equipo ni personal,[14] por lo que no se configuró la adquisición de un negocio en marcha y el despido estuvo justificado. Los Tribunales de Primera Instancia destacan que Bohío sólo adquirió ciertas marcas, contaba con su propia planta, maquinaria, empleados y línea de producción, ya que se dedica a la elaboración y venta de los mismos productos que elaboraba M. Cuebas. Asimismo, determinaron que los querellantes se limitaron a emitir meras alegaciones conclusorias sin apoyo documental que controvirtiera la prueba presentada por M. Cuebas y Bohío.

---

[14] De hecho, Bohío contrató personal de M. Cuebas. Tan es así que en esa empresa labora el señor Carlos Meléndez González, quien fue despedido por M. Cuebas el 4 de agosto de 2011 y contratado por Bohío el 8 de agosto de 2011. Véase, Sentencia del Tribunal de Primera Instancia, en el recurso AC-2013-46, Apéndice, pág. 136.

Inconformes con tales determinaciones, los querellantes presentaron sendos recursos ante el Tribunal de Apelaciones.[15] En sus recursos señalaron que el Tribunal de Primera Instancia erró al desestimar sumariamente su causa de acción.

En cuanto a los recursos de los querellantes Sres. Carlos Meléndez González, Héctor Ocasio Marrero, Roberto Caraballo Aquino y la Sra. Rosalina Méndez Rodríguez,[16] el Tribunal de Apelaciones consolidó los mismos y, mediante Sentencia de 21 de marzo de 2013, revocó las sentencias emitidas por los Tribunales de Primera Instancia y ordenó la continuación de los procedimientos.

El foro apelativo intermedio recalcó que existen **"casos que por la naturaleza de la controversia se hace difícil obtener la verdad de todos los hechos pertinentes a través de declaraciones juradas o deposiciones, donde hay elementos subjetivos de intención, propósitos mentales o negligencia o cuando el factor de credibilidad es esencial"** y que **"la razón para ello en este tipo de casos es que resulta sumamente difícil que el tribunal pueda reunir ante**

---

[15] Los recursos presentados por los querellantes Carlos Meléndez González, Héctor Ocasio Marrero, Rosalina Méndez Rodríguez y Roberto Caraballo Aquino fueron consolidados e identificados como KLAN201300130, KLAN201300212, KLAN201300245, KLAN20130272. Por su parte, los recursos presentados por Víctor Roldán Flores y Ángel. L. Soto Ambert fueron consolidados bajo los casos KLAN20121620, KLAN20121632.

[16] Estos recursos corresponden a los casos AC-2013-41 y AC-2013-46 ante este Tribunal.

**sí toda la verdad de los hechos a través de documentos".**[17]
A su vez, procedió a analizar la doctrina de patrono sucesor, y su jurisprudencia aplicable, con atención a que la responsabilidad se determina caso a caso, de acuerdo a los hechos particulares que se presenten. Como corolario, entendió que ante el reclamo de los querellantes **"resulta sumamente difícil que el tribunal pueda reunir ante sí toda la verdad de los hechos a través de documentos"** e incluso expresó que se requería que el Tribunal de Primera Instancia "haga un análisis ponderado y exhaustivo **de la realidad fáctica en ellos envuelta**, a la luz de la normativa laboral vigente, particularmente, **en torno a si en efecto se trató de un cierre de las operaciones de la querellada M. Cuebas y si le es de aplicación o no, la doctrina de patrono sucesor".**[18]

Del mismo modo, otro panel del Tribunal de Apelaciones, atendió los recursos presentados por los querellantes Sres. Víctor Roldán Flores y Ángel L. Soto Ambert.[19] El Tribunal de Apelaciones consolidó los mismos y mediante Sentencia de 19 de abril de 2013, también revocó las sentencias emitidas por los foros primarios y ordenó la continuación de los procedimientos.

---

[17]Véase, Ap. de Apelación AC-2014-46, págs. 25-26. (Énfasis suplido).

[18]Véase, Ap. de Apelación AC-2014-46, págs. 28-29. (Énfasis suplido).

[19]Los cuales corresponden a los recursos AC-2013-70 y AC-2013-73 ante este Tribunal.

En cuanto a los casos de los señores Roldán Flores y Soto Ambert, el foro intermedio destacó que no procede dictar sentencia sumaria en "**casos donde hay controversia sobre elementos subjetivos y de intención, así como propósitos mentales, siempre que éstos sean materiales para la decisión, o donde el factor de credibilidad juega un papel esencial, sino el decisivo, para llegar a la verdad y el litigante depende en gran medida de lo que extraiga del contrario en el curso del juicio**".[20] De igual forma, el Tribunal de Apelaciones señaló que los querellados impugnaron la declaración jurada presentada por M. Cuebas por entender que existen planteamientos en la misma que están basados en prueba de referencia y, además, en prueba que no fue descubierta. Igualmente, el mencionado foro destacó que los querellantes sostuvieron que la venta de activos de M. Cuebas a Bohío realmente constituyó la venta de toda la producción y productos, así como la maquinaria para la elaboración de los mismos, y que Bohío está utilizando la maquinaria que le compró a M. Cuebas para la producción de las marcas que le compraron. También, indicaron que la premisa de que la compraventa se configuró para cerrar totalmente las operaciones de M. Cuebas "**es una determinación en la que están contenidos unos elementos de intención**". Ante ello, el Tribunal de Apelaciones entendió que tanto de la oposición presentada por los querellantes

---

[20]Véase, Ap. de Apelación AC-2013-70, pág. 11. (Énfasis suplido).

como de las determinaciones de los foros primarios surgían controversias de hechos esenciales sobre elementos de intención que ameritaban ser dirimidos en una vista en su fondo, por lo que existía una controversia genuina sobre los "**elementos de intención que no debieron adjudicarse por la vía sumaria**", ya que "**a base de meros documentos, el TPI no podía determinar y concluir como lo hizo**" y requerían que el "**caso se someta a los rigores de un juicio en su fondo, que, a fin de cuentas, es el mejor mecanismo para descubrir la verdad**".[21]

En desacuerdo con tales decisiones, M. Cuebas y Bohío acudieron a este Tribunal para impugnar las sentencias emitidas por el Tribunal de Apelaciones. En resumen, sostuvieron que erró el foro intermedio al revocar a los Tribunales de Primera Instancia, por entender que la prueba es suficiente para concluir que no aplica la doctrina de traspaso de negocio en marcha ni la de patrono sucesor como tampoco existe un elemento de intención que adjudicar. Los recursos fueron acogidos como apelaciones y consolidados mediante Resolución emitida por este Tribunal el 25 de octubre de 2013.

II

Sabido es que la sentencia sumaria es un mecanismo procesal que permite se dicte sentencia sobre la totalidad de una reclamación o controversia sin la necesidad de

---

[21]Véase, Ap. de Apelación AC-2013-70, págs. 18-20. (Énfasis suplido).

celebrar vista en su fondo. Regla 36 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36; Reyes Sánchez v. Eaton Electrical, 189 DPR 586, 594-595 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011). Ésta procede cuando de los documentos que acompañan la solicitud y los que obran en el expediente no surge controversia real y sustancial sobre hecho material alguno y únicamente resta aplicar el derecho. R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed., San Juan, Ed. LexisNexis, 2010, sec. 2612, pág. 274; Oriental Bank & Trust v. Perapi S.E., res. 5 de noviembre de 2014, 2014 TSPR 133, 192 DPR ____ (2014); SLG Szendrey-Ramos v. Consejo de Titulares, 184 DPR 133, 167-168 (2011); Nissen Holland v. Genthaller, 172 DPR 503, 511 (2007).

Así, quien solicita la sentencia sumaria debe establecer con claridad el derecho que se posee y demostrar que "no existe controversia sustancial sobre algún hecho material, o sea, sobre ningún componente de la causa de acción". Mun. de Añasco v. ASES, et al., 188 DPR 307, 326 (2013); Nieves Díaz v. González Massas, 178 DPR 820, 848 (2010); Ramos Pérez v. Univisión, 178 DPR 200, 212-213 (2010); González Aristud v. Hosp. Pavía, 168 DPR 127 (2006); J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2nda ed., San Juan, Publicaciones JTS, 2011, T. IV, pág. 1041. Un hecho material es aquel que puede afectar el resultado de una reclamación conforme al derecho aplicable.

Mun. de Añasco v. ASES, *et al.*, *supra*, págs. 326-327; SLG
Szendrey-Ramos v. Consejo Titulares, *supra*, pág.167; Cuevas
Segarra, op. cit, pág. 1041.

Por otro lado, la parte que se opone a la moción de
sentencia sumaria no debe limitarse a descansar en sus
alegaciones. Ésta se encuentra llamada a detallar aquellos
hechos que entiende se encuentran en controversia y
controvertir la prueba presentada por el peticionario.
Cuevas Segarra, op. cit, pág. 1041. A esos efectos, la
Regla 36.3 de las de Procedimiento Civil de 2009, 32 LPRA
Ap. V, R. 36.3, dispone expresamente cómo se debe contestar
a una moción de sentencia sumaria y lo que ésta debe
contener al exponer lo siguiente:

> (2) una relación concisa y organizada, con una
> referencia a los párrafos enumerados por la parte
> promovente, de los hechos esenciales y
> pertinentes que están realmente y de buena fe
> controvertidos, con indicación de los párrafos o
> las páginas de las declaraciones juradas y otra
> prueba admisible en evidencia donde se establecen
> los mismos, así como de cualquier otro documento
> admisible en evidencia que se encuentre en el
> expediente del tribunal;

> (3) una enumeración de los hechos que no están en
> controversia, con indicación de los párrafos o
> las páginas de las declaraciones juradas u otra
> prueba admisible en evidencia donde se establecen
> los mismos, así como de cualquier otro documento
> admisible en evidencia que se encuentre en el
> expediente del tribunal, y

> (4) las razones por las cuales no debe ser
> dictada la sentencia, argumentando el derecho
> aplicable.

Interpretando esta regla, en SLG Zapata-Rivera v. JF
Montalvo, 189 DPR 414 (2013), una Mayoría de este Tribunal

determinó que la parte que se opone a una moción de sentencia sumaria viene obligada a examinar cada uno de los hechos plasmados en la solicitud de sentencia sumaria, identificar aquellos en los que estima existe controversia y fundamentar en evidencia admisible su contención. Ello, arraigado en la noción de que las partes conocen de primera mano sus respectivas posiciones y la evidencia disponible en el caso. Como expusimos en aquella ocasión, entendemos que la regla no dispone la automaticidad que interpretó la Mayoría de este Tribunal. Específicamente, señalamos que la Regla 36.3 dispone que "podrán considerarse admitidas" aquellas alegaciones que no fueron controvertidas. Véase, SLG Zapata-Rivera v. JF Montalvo, *supra*, pág. 476 (Opinión disidente J. Estrella Martínez).  Por lo que, a menos que las alegaciones contenidas en la moción de sentencia sumaria queden debidamente controvertidas, éstas podrían ser admitidas y, de proceder en derecho su reclamo, podría dictarse sentencia sumaria a favor del promovente. Reglas 36.3(c) y (d) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36.3 (C) y (d). Ello, pues incluso la falta de oposición no conlleva la concesión automática de la solicitud de sentencia sumaria presentada si existe una controversia legítima sobre un hecho material.[22] Ramos

---

[22]El Comité Asesor Permanente de las Reglas de Procedimiento Civil enfatizó que "el que la parte promovida no presente prueba que controvierta la presentada por el promovente, no garantiza que proceda dictarse sentencia sumaria. Esto se justifica porque en aquellos casos en que no exista una clara certeza sobre los hechos importantes y

Pérez v. Univisión, *supra*, págs. 215-216. Véase, además, Córdova Dexter v. Sucn. Ferraiuoli, *supra*, pág. 556.

Al atender la solicitud de sentencia sumaria, los tribunales deben siempre: (1) analizar todos los documentos incluidos en las mociones y aquellos que obren en el expediente del tribunal; y (2) determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Torres Pagán *et al.* v. Mun. Ponce, res. 16 de septiembre de 2014, 2014 TSPR 108, 191 DPR ____ (2014). De haber alguna duda acerca de la existencia de una controversia sobre los hechos medulares y sustanciales del caso deberá resolverse contra la parte que solicita la moción, haciendo necesaria la celebración de un juicio. Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que proceda la sentencia sumaria. Ramos Pérez v. Univisión, *supra*, págs. 216-217; Hernández Colón, op. cit, pág. 277; Cuevas Segarra, op. cit., pág. 1040.

Ahora bien, este Tribunal siempre ha reconocido que existen circunstancias y litigios en los cuales el mecanismo de sentencia sumaria no es apropiado para disponer de las controversias. Existen situaciones en las

---

pertinentes de la controversia no procede una sentencia sumaria". Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, pág. 404 (2008).

que los documentos o declaraciones juradas presentadas no son suficientes para que los tribunales reúnan ante sí toda la verdad de los hechos. Soto v. Hotel Caribe Hilton, 137 DPR 294, 311 (1994). A estos efectos, hemos identificado como posibles controversias de esta naturaleza las que contienen elementos subjetivos, en las que el factor de credibilidad juega un papel esencial o decisivo para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso del juicio. Jusino et als. v. Walgreens, 155 DPR 560, 579 (2001); Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 577 (1997). Esto, como corolario, a la realidad de que la sentencia sumaria mal utilizada, puede prestarse para despojar a un litigante de su día en corte, principio elemental del debido proceso de ley. Jusino et als. v. Walgreens, supra, pág. 578; Roig Com. Bank v. Rosario Cirino, 126 DPR 613, 617 (1990). Solamente aplicando estos criterios es que el mecanismo de sentencia sumaria efectúa un balance adecuado entre el derecho de toda parte a tener su día en corte y la disposición justa, rápida y económica de los pleitos. García Rivera, et. al, v. Enríquez, 153 DPR 323, 338-339 (2001).

Por otra parte, cuando la solicitud de sentencia sumaria no procede, las Reglas de Procedimiento Civil de 2009 introdujeron un cambio importante a las reglas procesales en aras de agilizar los procesos ante los tribunales. En ese sentido, la Opinión Mayoritaria

puntualiza que la Regla 36.4 de Procedimiento Civil de 2009 requiere obligatoriamente que **"el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos"**. (Énfasis suplido). 32 LPRA Ap. V., R. 36.4. Sin embargo, la Opinión Mayoritaria extiende tal obligación a la etapa apelativa para que el Tribunal de Apelaciones venga igualmente obligado, como el Tribunal de Primera Instancia, a realizar determinaciones de cuáles hechos están en controversia y cuáles están incontrovertidos. Diferimos de tal conclusión.

## III

Ciertamente, la Regla 36.4, *supra*, incluyó una disposición específica para que el adjudicador de la sentencia sumaria, al resolverla, determine mediante resolución los hechos esenciales y pertinentes sobre los cuales no existe controversia y los que están controvertidos. Sin embargo, entendemos que esta disposición no aplica al Tribunal de Apelaciones. Nos explicamos.

Al examinar la Regla 36 que cobija el proceso para dictar sentencia sumariamente, surge inequívocamente que ésta establece el proceso ante el Tribunal de Primera Instancia para disponer de un asunto sin necesidad de celebrar un juicio. La regla dispone cuándo y cómo una parte que solicita el remedio puede presentar la moción

para que "el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada". Véanse, Reglas 36.1 y 36.2 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36.1 y 36.2. El examen integral de las disposiciones referentes a la solicitud de sentencia sumaria es diáfano a los efectos de que este mecanismo está dirigido a los tribunales de primera instancia para que éstos resuelvan los casos ante su consideración cuando no existan controversias de hechos esenciales y lo que procede es aplicar el derecho. Es por ello, que cuando la citada regla menciona "tribunal" se refiere **únicamente** al foro primario y no a los procedimientos a nivel apelativo.

Cónsono con lo anterior, y en lo pertinente, la Regla 36.4, *supra*, dispone que:

> **Si en virtud de una moción presentada bajo las disposiciones de esta regla** no se dicta sobre la totalidad del pleito, ni se concede el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**, y hasta qué extremo la cuantía de los daños y otra reparación no está en controversia". (Énfasis suplido). Íd.

El mandato impuesto por la Regla 36.4, *supra*, obedeció a la desatención de los tribunales para facilitar el trámite de revisión judicial de las determinaciones del foro primario. Cuevas Segarra, op. cit., pág. 1074. Por ello, el distinguido tratadista destaca la situación que

generaba la falta de las determinaciones del tribunal de primera instancia en los procesos apelativos. Ante ello, explica que los paneles del Tribunal de Apelaciones optaron por devolver al foro primario resoluciones escuetas de "no ha lugar" a las solicitudes de sentencias sumarias para que éstos formulasen los hechos que existían en controversias antes de disponer del recurso presentado ante el foro apelativo intermedio. Íd., pág. 1075. Ello, toda vez que el Tribunal de Apelaciones tiene una naturaleza distinta a la del Tribunal de Primera Instancia. De Jesús Viñas v. González Lugo, 170 DPR 499, 512 (2007). En este aspecto, el foro primario recibe la presentación de la prueba y el encuentro de las partes involucradas, mientras que el tribunal apelativo intermedio se limita a la revisión de los procedimientos llevados ante el Tribunal de Primera Instancia para que éstos sean justos y encuentren apoyo en la normativa establecida. Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 427-428 (2009) citando a Depto. de la Familia v. Shrivers Otero, 145 DPR 351, 357 (1998); De Jesús Viñas v. González Lugo, supra.[23] Ante tal realidad, hemos manifestado que aunque las reglas de procedimiento

---

[23]Entre otras, el Tribunal de Apelaciones: (1) corrige errores del tribunal sentenciador; (2) sirve como agente catalítico en las revisiones de la doctrina y la ley; (3) destaca situaciones que requieran reglamentación por los foros competentes; (4) identifica a este Tribunal las áreas en las que resulta imperativo el cambio normativo; y (5) permite que este Tribunal tenga un mayor desahogo y pueda servir al máximo en nuestra función de pautar e interpretar el Derecho. Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 427-428 (2009).

civil aplican al Tribunal General de Justicia, **ello no significa que todas las figuras incorporadas y reguladas mediante éstas se encuentren disponibles en los procesos ante el foro apelativo intermedio**. Íd., pág. 512.

El mecanismo de sentencia sumaria no está concebido para que sea solicitado ante el Tribunal de Apelaciones. En consecuencia, la intervención de ese foro en estos casos se limita a revisar si el foro primario atendió correctamente la solicitud de sentencia sumaria, es decir, escudriña si el foro adjudicador actuó conforme a derecho. Claro está, para ello el foro apelativo intermedio tiene que utilizar los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. Vera v. Dr. Bravo, 161 DPR 308, 334-335 (2004). Empero, por su naturaleza distinta, el rol del Tribunal de Apelaciones está limitado. Por tanto, no podrá adjudicar los hechos y su intervención se limitará a determinar si existe o no alguna controversia genuina de hechos materiales y esenciales para escudriñar si el Tribunal de Primera Instancia aplicó correctamente el derecho. Íd. Bajo ningún concepto, debe entenderse que el que se utilicen los mismos criterios al revisar al Tribunal de Primera Instancia equivale a que el Tribunal de Apelaciones venga obligado, como si fuera el foro de primera instancia, a determinar sobre cuáles hechos esenciales y pertinentes no hay controversias y cuáles están realmente y de buena fe controvertidos.

Ahora bien, el Tribunal de Apelaciones está obligado a justificar su determinación al tener que incluir una relación de los hechos, una exposición y análisis de los asuntos planteados, o conclusiones de derecho. Véase Regla 10(a) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 10(a). Así, es su deber como foro apelativo intermedio resolver los asuntos planteados de forma fundamentada. Maldonado Bermúdez v. Maldonado González, 141 DPR 19, 24-25 (1996). Por ello, cuando el Tribunal de Apelaciones revoca una determinación del Tribunal de Primera Instancia que declaraba con lugar una solicitud de sentencia sumaria, siempre vendrá obligado a apoyar su conclusión expresando cuáles hechos impedían dictar sentencia sumaria porque estaban en controversia. Ello, sin necesidad de recurrir a la Regla 36.4, *supra*, y en cumplimiento con su Reglamento y con la jurisprudencia de este Tribunal. Por tanto, el foro apelativo intermedio está vedado de emitir una resolución o sentencia huérfana de una relación de los hechos, una exposición y análisis de los asuntos planteados, o conclusiones de derecho. Más aún, de haber incumplido con tal deber, este Tribunal podrá determinar que el Tribunal de Apelaciones actuó en contravención con estas normas, incumpliendo su función revisora, expedir el auto y devolver el asunto a ese foro para que cumpla con su obligación. Íd., págs. 26-27.

Ante tal realidad, y conforme a lo antes discutido, no podemos avalar la interpretación que hace la Mayoría de

este Tribunal en cuanto a que el Tribunal de Apelaciones debe evaluar los requisitos de forma, según discutidos en SLG Zapata-Rivera v. JF Montalvo, *supra*, por las razones expresadas en nuestro disenso en ese caso. De igual forma, tampoco coincidimos en la exégesis que se hace de la Regla 36.4, al imponer al Tribunal de Apelaciones la obligación de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos.

La Opinión mayoritaria no considera que las reglas de procedimiento civil establecen que no es necesario que el tribunal de instancia al resolver mociones bajo la Regla 36.1 y 36.2 de Procedimiento Civil, es decir, sumariamente, especifique los hechos probados y consigne separadamente las conclusiones de derecho. Véanse, Regla 42.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V R 42.2; Vega *et al.*v. Telefónica, 156 DPR 584 (2002). Por tanto, imponer esta obligación al foro apelativo intermedio redundará en un retraso de los procesos cuando bajo el esquema actual basta con que ese foro fundamente su curso decisorio al disponer cuáles hechos impedían que se dictara sentencia sumariamente. Asimismo, advertimos que en estas circunstancias, y ante la gran cantidad de casos atendidos por el foro intermedio, éste retendrá los recursos y ordenará al tribunal de primera instancia a fundamentar la sentencia emitida al amparo de la Regla 83.1 del Reglamento del Tribunal de Apelaciones, lo que repercutirá en la dilación de los procesos.

IV

A

Así las cosas, entendemos que sólo correspondía examinar si el Tribunal de Apelaciones erró al revocar a los foros de instancia, y si las sentencias emitidas carecen de los fundamentos concretos por los cuales concluyó como lo hizo. En lo que respecta a ello, y luego de examinados los recursos ante nos, concluimos que el Tribunal de Apelaciones actuó conforme a derecho. Veamos.

Al examinar la Sentencia del Tribunal de Apelaciones con relación a los recursos de los señores Meléndez González, Ocasio Marrero, Caraballo Aquino y la señora Méndez Rodríguez, discrepamos de que la determinación del foro apelativo intermedio se circunscribiera a que no procedía la sentencia sumaria por razón de la complejidad del caso. Igualmente, diferimos de que ese foro no estableciera cuáles hechos encontró que estaban en controversia.

El estudio sosegado de la referida Sentencia destaca que el Tribunal de Apelaciones aplicó la norma jurídica sobre cuándo no procede dictar sentencia sumaria. A estos efectos, analizó la jurisprudencia a los efectos de que existen controversias en las cuales no se puede reunir ante sí la verdad de los hechos a través de los documentos. Específicamente, aquellas situaciones en las que se requiere dilucidar elementos subjetivos como la intención, propósitos mentales o la credibilidad de las partes.

Asimismo, el Tribunal de Apelaciones consideró la reclamación interpuesta por los querellantes que sostienen aplica la doctrina de patrono sucesor en la adquisición realizada por Bohío. Por ello, el Tribunal de Apelaciones auscultó que la referida doctrina aplica en casos en los que "existe una similaridad sustancial en la operación de la empresa" y el que las obligaciones que se le han de atribuir al nuevo patrono se "determinan caso a caso, con arreglo a las circunstancias particulares de cada cual".[24] Como consecuencia, determinó específicamente que el Tribunal de Primera Instancia venía obligado a realizar un "análisis ponderado y exhaustivo de la realidad fáctica en ellos envuelta, a la luz [de] la normativa laboral vigente, particularmente en **torno a si en efecto se trató de un cierre de operaciones de la querellada M. Cuebas y si le es de aplicación o no, la doctrina de patrono sucesor**".[25]

De lo antes expuesto, no existe duda de que el Tribunal de Apelaciones expresó concretamente que existía controversia sobre la realidad de los hechos, la intención de Bohío al adquirir a M. Cuebas y si en efecto hubo un cierre de operaciones de la corporación adquirida que impida la aplicación de la doctrina de patrono sucesor.

B

De igual forma, al emitir la Sentencia en los casos de los señores Roldán Flores y Soto Ambert, el Tribunal de

---

[24]Véase, Ap. de Apelación AC-2014-46, págs. 22-23.

[25] Véase, Ap. de Apelación AC-2014-46, págs. 28-29. (Énfasis suplido).

Apelaciones fundamentó la razón para revocar al Tribunal de Primera Instancia e intimó cuáles hechos estaban en controversia.

El Tribunal de Apelaciones discutió en su Sentencia tanto la normativa sobre la procedencia de sentencia sumaria como la que concierne a la teoría de los querellantes. De esta manera, recalcó que en este análisis se deben considerar los siguientes factores: (1) la existencia de una continuación sustancial de la misma actividad de negocios; (2) la utilización de la planta para las operaciones; (3) el empleo de la misma fuerza obrera; (4) la conservación del personal; (5) la utilización del equipo y maquinaria, así como los métodos de producción; (6) la elaboración de los productos y prestación de servicios; (7) la retención del nombre; y (8) la operación del negocio durante el período de transición. Véase, Adventist Health v. Mercado, 171 DPR 255, 267 (2007).

Acto seguido, el foro apelativo intermedio elaboró las contenciones de las partes y destacó que los querellantes impugnaron la declaración jurada presentada por M. Cuebas y destacaron que la venta de activos constituyó la venta de toda la producción y productos, así como la maquinaria para la elaboración de los productos adquiridos a M. Cuebas. Asimismo, resaltaron que la determinación de si la compraventa pactada fue para cerrar las operaciones es un asunto en el que están contenidos elementos de intención que deben ser dilucidados en un juicio plenario. Por ello,

el Tribunal de Apelaciones entendió que "existe una genuina controversia de hechos sobre los asuntos antes esbozados sobre **los cuales median elementos de intención que no debieron haberse adjudicado por la vía sumaria**".[26] Por tanto, el Tribunal de Apelaciones concluyó que había controversia en torno a si los hechos específicos del caso permiten aplicar la doctrina de patrono sucesor conforme a la intención de las partes.

Ciertamente, del caso ante nuestra consideración surge inequívocamente que M. Cuebas y Bohío advirtieron sus posibles responsabilidades para llegar al acuerdo que firmaron. Igualmente, resalta que Bohío operaba una compañía destinada a la producción de comestibles similares a los producidos por M. Cuebas. Así, Bohío poseía su propia planta operacional, maquinaria, empleados y personal de supervisión. Sin embargo, adquirió las marcas, recetas y maquinarias de M. Cuebas para continuar elaborando esos productos.[27] Asimismo, nos parece importante y llama la atención que, a pesar de que se alega que no se retuvo el personal gerencial, en el *Letter of Intent* se establece que la Sra. Marta Cuebas, propietaria de M. Cuebas trabajaría como un contratista independiente para Bohío con un incentivo anual variable pagado como un *Performance Incentive* conforme al incremento en las ventas y márgenes de ganancias. Por tanto, ante la similitud sustancial en la

---

[26]Véase, Ap. de Apelación AC-2013-70, págs. 17-20. (Énfasis suplido).

[27]Véase, Ap. de Apelación AC-2013-70, pág. 356.

operación de ambas empresas y la correspondiente adquisición de activos, al igual que el Tribunal de Apelaciones, entendemos que existen hechos materiales en controversia, en los cuales se debía auscultar la verdadera intención de las partes al realizar la compraventa a los fines de determinar si aplica la doctrina de patrono sucesor al caso de autos. Por ello, y ante los hechos particulares del caso ante nuestra consideración, entendemos que se debía atender el reclamo de los querellantes en un juicio plenario. No podemos relegar que la política pública tiene como norte proteger a los empleados en situaciones de cambios súbitos en la relación obrero-patronal. Véanse, Adventist Health v. Mercado, supra; Piñeiro v. Int'l Air Serv. of P.R., Inc., 140 DPR 343 (1996); Bruno López v. Motorplan, Inc. y otros, 134 DPR 111 (1993).

V

Conforme a lo antes expuesto, discrepo del dictamen de la Mayoría de este Tribunal. En primer lugar, considero que la Regla 36.4 de Procedimiento Civil del 2009 no le aplica al Tribunal de Apelaciones. En segundo lugar, estimo que el foro apelativo intermedio cumplió a cabalidad con su deber de fundamentar las razones que justificaron la revocación de las sentencias sumarias emitidas. Por tanto, confirmaría al Tribunal de Apelaciones que revisó, conforme a derecho, si procedían las sentencias sumarias emitidas por varias

salas del Tribunal de Primera Instancia y devolvería el caso a ese foro para continuar los procedimientos.


                                    Luis F. Estrella Martínez
                                         Juez Asociado